PEARL LEAVITT, RESPONDENT, v. MOSES LEAVITT, APPELLANT.

Decided January 16, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the appellant, *Joseph Kraemer.*

For the respondent, *Wolber & Gilhooly.*

PER CURIAM.

The present suit was instituted by the plaintiff to recover damages from the defendant for his wrongful act in alienating the affections of her husband and persuading him to desert her.

Plaintiff's husband is the son of the defendant. The marriage took place in August, 1926, and was a secret one. The basis of her suit is that after the defendant learned of their marriage, he, as she asserts, not only disapproved of it but used every effort to bring about a separation between her and her husband, and that he succeded in doing so.

When the case came on to be tried, the plaintiff, in support of her claim, called two witnesses, each of whom testified as to conversations had with the plaintiff's husband, the purport of which was that he desired to have the wedding kept secret because of the effect it would have on the father, who would have been very much opposed to the son's marrying this girl if he had had any idea that such a thing was likely to happen; and that after the marriage had taken place and the defendant had learned of it "he carried on quite terribly about it." The trial resulted in a verdict in favor of the plaintiff, and from the judgment entered thereon the defendant has appealed.

The testimony above referred to was admitted over the objection of the defendant, the ground of the objection being that it was incompetent because the conversations referred to did not take place in the presence of the defendant; and the

principal ground upon which the appellant relies for a reversal is based upon this alleged error of the trial judge.

In our judgment these conversations were improperly admitted. As was stated by Judge Hiscock, delivering the opinion of the New York Court of Appeals in *Cochran* v. *Cochran,* 196 *N. Y.* 86, 91, in dealing with the competency of testimony almost identical with that above referred to, and which was admitted in a suit brought by a wife to recover damages from the defendant for alienating the affections of the former's husband: "This evidence was very prejudicial to the defendant and we know of no authority which justified its introduction. While, of course, plaintiff was required to prove the unlawful conduct of the defendant, and while such unlawful conduct might be evidenced by such acts as were outlined in the evidence referred to, it was incumbent upon her to prove the same by competent testimony, and it was not proper to give evidence of her husband's declarations on the subject. Such evidence offended against the general rules of evidence and has been specifically condemned in actions similar to this one." The opinion then goes on to cite the decisions of some of our sister states condemning the admission of such evidence. We are entirely satisfied with the soundness of the legal rule thus declared.

The only other ground of reversal argued before us is the refusal to charge a request submitted by the defendant, the pith of which was that the burden rested upon the plaintiff to show that the defendant wrongfully and willfully attempted to alienate the husband's affections and that if the jury were not satisfied that the defendant willfully and in bad faith to the plaintiff alienated the affections of her husband their verdict should be for the defendant. Our examination of the charge as delivered satisfies us that it contained the request submitted, in effect; and it is hardly necessary to say that this is all that the trial court is required to do in dealing with the requests to charge submitted by the respective litigants.

Our conclusion is that the judgment under review should be reversed upon the sole ground that there was injurious error in the admission of the testimony which has been heretofore discussed.